IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALFRED LEE STONE | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | NO. 3-05-CV-1291-L |
| | § | |
| JOHN WILEY PRICE, ET AL. | § | |
| | § | |
| Respondents. | § | |

### FINDINGS AND RECOMMENDATION OF THE
### UNITED STATES MAGISTRATE JUDGE

Petitioner Alfred Lee Stone, appearing *pro se*, seeks a writ of mandamus to compel the Dallas County Commissioner's Court to pay court reporter fees for a transcript of his state criminal trial. For the reasons stated herein, the district clerk should be directed to unfile the writ.

Petitioner has a long history of filing frivolous lawsuits. *See Stone v. Cantrell*, 2003 WL 21649957 (N.D. Tex. Feb. 19, 2003) (citing eight cases filed by petitioner that were summarily dismissed as frivolous). This abuse of the judicial system prompted one judge in the Southern District of Texas to bar petitioner from filing any future civil actions "unless the suit is accompanied by the entire filing fee of one hundred fifty dollars ($150.00) for a civil complaint or five dollars ($5.00) for a habeas corpus petition and by written permission to file from a United States District Court or Magistrate Judge or from a Judge of a United States Court of Appeals." *Stone v. Johnson*, No. H-00-1496, or. at 3 (S.D. Tex. Jun. 14, 2000).[1]

This court is required to enforce sanctions against prisoners imposed by judges in other federal courts in Texas. *See* MISC. ORDER 48 (N.D. Tex. Nov.15, 1993). Indeed, two lawsuits filed

---

[1] The Fifth Circuit also has sanctioned petitioner $100 for filing frivolous motions for authorization to file successive habeas petitions. *In re Stone*, No. 00-10459 (5th Cir. May 25, 2000).

by petitioner in this district after the sanction order was entered have been summarily dismissed. *Stone v. United States of America*, 2005 WL 221407 (N.D. Tex. Jan. 31, 2005), *appeal dism'd*, No. 05-10299 (5th Cir. Apr. 18, 2005); *Stone v. Dretke*, 2004 WL 2937416 (N.D. Tex. Dec. 17, 2004), *rec. adopted*, 2004 WL 3019451 (N.D. Tex. Dec. 29, 2004). Petitioner has neither paid the statutory filing fee nor sought permission to file this case. Accordingly, his writ of mandamus should be unfiled.

## RECOMMENDATION

The district clerk should be ordered to unfile petitioner's writ of mandamus.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 27, 2005.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE